# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MAHIR GHANIN DAUOD,

        Petitioner,               Case Number: 06-CV-13310

v.                                HON. GERALD E. ROSEN

SUE DAVIS,

        Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION FOR LEAVE
## TO SUPPLEMENT HABEAS CORPUS PETITION

Petitioner Mahir Ghanin Dauod, a state prisoner incarcerated at the Richard A. Handlon Correctional Facility in Ionia, Michigan, has filed a petition for a writ of habeas corpus through counsel. Petitioner challenges his conviction for first-degree murder. Now before the Court is Petitioner's "Motion for Leave to Supplement Habeas Corpus Petition." Respondent has filed an answer in opposition to the motion.

Petitioner challenges his conviction on three grounds: (i) the state court erred in admitting his confession where he did not knowingly and intelligently waive his Miranda rights; (ii) the trial court denied him his right to due process and equal protection where it denied his request for an evidentiary hearing and for an independent psychological evaluation; and (iii) he was denied the effective assistance of counsel where trial counsel failed to raise an insanity defense.

Petitioner seeks to expand the record to include a written psychological evaluation completed in March 2007 by Dr. Gerald Shiener, an expert retained by Petitioner's family. Petitioner argues that the evaluation bears upon Petitioner's claims that he did not knowingly and intelligently waive

his Miranda rights and that trial counsel was ineffective in failing to raise an insanity defense. Respondent opposes expansion of the record to include this evaluation, arguing that Dr. Shiener's conclusions could have been discovered at an earlier time through the exercise of due diligence.

Petitioner frames his request as proceeding under Fed. R. Civ. P. 15(a), which governs when a party may amend a complaint. Respondent argues that the motion is properly reviewed under Rule 7, Rules Governing Section 2254 Cases. Rule 7 permits federal habeas courts to direct the parties to supplement the state court record with materials relevant to the resolution of the petition. The Court finds that, because Petitioner seeks to expand the record by submitting additional materials related to the petition, the motion is properly analyzed under Rule 7, Rules Governing Section 2254 Cases.

A habeas litigant attempting to expand the record under Rule 7 is held to the same requirements as if he were seeking an evidentiary hearing. Holland v. Jackson, 542 U.S. 649, 653 (2004). A federal court may not conduct an evidentiary hearing where the petitioner has failed to develop the factual record in state court, except under limited circumstances, including where the petitioner diligently attempted to develop the factual basis, but was unable to do so. Williams v. Taylor, 529 U.S. 420, 437 (2000); 28 U.S.C. §2254(e)(2). "Diligence . . . depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." Id. at 435. In addition, the federal court may conduct an evidentiary hearing only if the facts underlying the claim, if true, would establish a constitutional error. Sawyer v. Hofbauer, 299 F.3d 605, 610 (6th Cir. 2002).

On direct appeal, the Michigan Court of Appeals remanded the matter to the trial court for an evidentiary hearing regarding Petitioner's ineffective assistance of counsel claim. On remand,

2

Petitioner moved for the appointment of an independent psychologist to assess the issue of his insanity. The trial court denied the motion. Petitioner argues, therefore, that he exercised diligence in attempting to develop the factual record in state court. The Court finds that Petitioner was diligent in his attempt to develop the factual record in state court by seeking appointment of an independent psychologist in the trial court.

Having concluded that Petitioner was diligent in his attempt to develop the factual record in state court, the Court must determine whether Petitioner states a claim, which if true, would establish a constitutional violation. Petitioner seeks to expand the record to support his claims that he did not knowingly and intelligently waive his Miranda rights and that trial counsel was ineffective in failing to raise an insanity defense. Allegations of ineffective assistance of counsel and an involuntary custodial statement raise the possibility of a constitutional violation. Therefore, the Court finds that expansion of the record is justified.

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Leave to Supplement Habeas Corpus Petition is **GRANTED**.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: March 12, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 12, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager