# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MAHIR GHANIN DAOUD,

        Petitioner,               Case Number: 2:06-CV-13310

v.                                        HONORABLE GERALD E. ROSEN

SUE DAVIS,

        Respondent.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART CERTIFICATE OF APPEALABILITY

This case is before the Court on remand from the United States Court of Appeals for the Sixth Circuit. Petitioner filed a habeas corpus petition, which the Court denied on April 23, 2008. Petitioner then filed a Notice of Appeal. On July 16, 2008, the Court of Appeals remanded the case, "for the sole purpose of determining whether to grant or deny a certificate of appealability." *Daoud v. Davis*, No. 08-1673 (6th Cir. July 16, 2008).

Before Petitioner may appeal the court's dispositive decision denying his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find

the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In his habeas corpus petition, Petitioner, who was convicted of first-degree murder, challenged his conviction on the grounds that: (i) the state court erred in finding that he knowingly and voluntarily waived his *Miranda* rights prior to giving a custodial statement; (ii) that the state court's denial of his request for an evidentiary hearing pursuant to *People v. Ginther*, 390 Mich. 436 (1973), and an independent psychological evaluation deprived him of his right to present a defense; and (iii) he received ineffective assistance of counsel. Because Petitioner does not specifically identify for which claims he seeks a certificate of appealability, the Court assumes that he seeks a certificate of appealability with respect to all of these claims.

In his first habeas claim, Petitioner argued that his mental illness so greatly impaired his cognitive abilities it rendered him incapable of processing the *Miranda* warnings and, consequently, any waiver of his *Miranda* rights was unknowing and involuntary. He claims that the state court, therefore, erred in finding that he knowingly and voluntarily waived his *Miranda* rights.

The Michigan Supreme Court applied the two-part inquiry articulated in *Moran v. Burbine*, 475 U.S. 412, 421 (1986), to determine whether Petitioner's confession was coerced. First, the state court held that the waiver was voluntary because there was no claim of police coercion. *Daoud*, 462 Mich. 621, 635 (Mich. 2000). Second, the state court held that the waiver was knowing and intelligent. *Id.* at 636.

This Court concluded that expert testimony contained in the record supported the Michigan Supreme Court's finding that Petitioner possessed the "requisite level of

comprehension" when he waived his *Miranda* rights. *Moran*, 475 U.S. at 421. While the Court recognized that the expert testimony presented also could have supported a contrary conclusion, the Court held that, because the expert opinions supported the state court's finding that Petitioner's waiver was knowingly made, the state court's conclusion could not be said to have been an unreasonable application of *Miranda*. Moreover, the Court held that, even if the custodial statement was improperly admitted, its admission was harmless.

The Court finds that reasonable jurists could find that its resolution of Petitioner's claim that his confession was improperly admitted to be debatable or wrong. Accordingly, the Court will grant a certificate of appealability on this claim.

Second, Petitioner argued that the state court's denial of his request for an evidentiary hearing pursuant to *People v. Ginther*, 390 Mich. 436 (1973), and an independent psychological evaluation deprived him of his right to present a defense. *Ginther* does not confer an absolute right to an evidentiary hearing in all cases where a defendant alleges ineffective assistance of counsel, and "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Therefore, the Court held that this portion of Petitioner's second claim was not cognizable on habeas corpus review. The Court further held that Petitioner's claim regarding an independent psychological evaluation was procedurally defaulted and that Petitioner failed to establish cause and prejudice to excuse his default.

The Court finds that reasonable jurists would not find its resolution of Petitioner's second claim to be debatable or wrong. Accordingly, the Court will deny a certificate of appealability on this claim.

Finally, Petitioner argued that his trial attorney was ineffective in failing to raise an

insanity defense. The Court held that defense counsel's decision not to pursue an insanity defense was a reasonable one based upon a considered evaluation of the expert opinions available at the time. The Court, mindful that it must evaluate counsel's performance without the "distorting effects of hindsight," *Strickland v. Washington*, 466 U.S. 668, 689 (1984), and that the decision not to seek another expert witness was a reasonable one, concluded that the state court's opinion that Petitioner's attorney was not ineffective was not contrary to or an unreasonable application of Supreme Court precedent.

The Court finds that reasonable jurists would not find its resolution of Petitioner's ineffective assistance of counsel claim to be debatable or wrong. Thus, the Court denies a certificate of appealability on this claim.

Accordingly, the Court GRANTS a certificate of appealability as to Petitioner's claim that his confession was improperly admitted, and DENIES a certificate of appealability as to Petitioner's remaining claims.

SO ORDERED.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: August 7, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 7, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager